UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.: CV 15-3166 CJC (RAO)      Date: May 21, 2015
Title: Vincent Lynden Young v. William Muniz, Warden

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS UNTIMELY**

On February 26, 2015, Vincent Lynden Young ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition") pursuant to 28 U.S.C. § 2254. However, the Petition appears untimely on its face.[1]

The Antiterrorism and Effective Death Penalty Act (the "AEDPA"), which effected amendments to the federal habeas statutes, applies to the instant Petition because Petitioner filed it after AEDPA's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 336, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA altered federal habeas litigation by imposing a specific time limit on the filing of federal habeas petitions. Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds by, Calderon v. United States District Court (Kelly V), 163 F.3d 530, 540 (9th Cir. 1998). In creating a time limit, Congress desired to halt the unacceptable delay which had developed in the

---

[1] Court records show that Petitioner has filed multiple habeas petitions in federal court challenging his March 1996 conviction. On August 30, 1999, petitioner filed a federal habeas petition in case number 99-cv-08760. On August 8, 2000, petitioner filed a federal habeas petition in case number 00-cv-8453. On July 7, 2004, petitioner filed a federal habeas petition in case number 04-cv-4968. On April 17, 2006, Petitioner filed a federal habeas petition in case number 06-cv-2332. These petitions were all dismissed for a variety of reasons. On October 10, 2002, Petitioner filed in the Ninth Circuit an application for leave to file a second or successive federal petition for writ of habeas corpus. The Ninth Circuit denied Petitioner's application on or around December 20, 2002. (Case No. CV 00-8453-DT-CT at ECF No. 40.) To the extent the instant Petition attempts to assert some or all of the same claims asserted in any of these prior habeas petitions, Petitioner is advised that such claims may also be barred by 28 U.S.C. § 2244(b)(3)(A), which prohibits "successive" habeas petitions; that is, a habeas petition that raises claims that were or could have been adjudicated on their merits in an earlier petition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 15-3166 CJC (RAO)　　　　　　　　　Date: May 21, 2015
Title: Vincent Lynden Young v. William Muniz, Warden

federal habeas process. Calderon v. United States District Court (Kelly III), 127 F.3d 782, 785 (9th Cir. 1997), overruled in part on other grounds by, Kelly V, 163 F.3d at 540.

Under 28 U.S.C. § 2244(d)(1), as amended, state prisoners have just one year to file their federal habeas petitions. The one-year limitations period begins to run from the latest of:

(A)　The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)　The date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)　The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)　The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The applicable limitations period here is that set forth in 28 U.S.C. § 2244(d)(1)(A).

As indicated above, a petitioner ordinarily has one year from the date that his conviction became final to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). A case becomes final at the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Here, Petitioner's conviction appears to have become final on March 16, 1999, ninety (90) days after the California Supreme Court denied his petition for review on December 16, 1998. (Petition at 3); Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (the period of direct review for the purposes of AEDPA's limitations period "includes the period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court"); Sup. Ct. R. 13 (allowing a petition for a writ of certiorari seeking review of a judgment of a state court of last resort to be filed within 90 days of the entry of judgment). Under 28 U.S.C. § 2244(d)(1), the limitations period began to run the next day, on March 17, 1999, and expired one year later,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.: CV 15-3166 CJC (RAO)     Date: May 21, 2015
Title: Vincent Lynden Young v. William Muniz, Warden

on **March 17, 2000**. The Petition was filed on February 26, 2015, nearly fifteen (15) years after the foregoing expiration date. Therefore, absent tolling, the instant Petition is untimely.

The AEDPA has a statutory tolling provision that suspends the limitations period for the duration of time during which a "properly filed" application for post-conviction review, or other collateral review, is pending in a state court. 28 U.S.C. § 2244(d)(2); Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005). If a state habeas petition is not timely filed under applicable state law, it is not properly filed and will not toll the limitations period. See Pace v. DiGuglielmo, 544 U.S. 408, 417, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). On collateral review, if the intervals between a lower court's decision and the filing of a new petition in a higher court are reasonable, they fall in the scope of the statutory word "pending," and thus toll the limitations period. Carey v. Saffold, 536 U.S. 214, 223, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002). The Petitioner bears the burden of proof to demonstrate an entitlement to statutory tolling. Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010).

Here, Petitioner's state habeas petition was denied by the Superior Court on October 21, 1999, the California Court of Appeal on February 24, 2000, and the California Supreme Court on June 28, 2000. Even assuming that the state habeas petitions were properly filed (thus making Petitioner entitled to statutory tolling for the entire period), and that Petitioner's first state habeas petition was filed immediately after direct review was completed, the limitations period would have expired June 29, 2001, one year after the California Supreme Court denied Petitioner's state habeas petition. Accordingly, Petitioner's Petition is untimely even with statutory tolling.

In addition to statutory tolling under 28 U.S.C. § 2244(d), the AEDPA limitations period may also be tolled whenever "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011) (citations omitted). However, the threshold necessary to trigger equitable tolling is high, and thus equitable tolling is not available in most cases. Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010); Calderon v. U.S. Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds, Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). Petitioner bears a heavy burden to prove an entitlement to equitable tolling, "lest the exceptions swallow the rule." Bills, 628 F.3d at 1097 (citation and internal quotation marks omitted).

Petitioner must show: (1) that he has diligently pursued his rights, (2) that extraordinary circumstances beyond his control made it impossible to timely file his petition, and (3) that those extraordinary circumstances caused his untimeliness. Pace v. DiGulielmo, 544 U.S. 408, 125 S.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 15-3166 CJC (RAO)      Date: May 21, 2015
Title: Vincent Lynden Young v. William Muniz, Warden

Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005); Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). Conclusory assertions rarely suffice to meet the burden. See Williams v. Dexter, 649 F.Supp.2d 1055, 1062 (C.D. Cal. 2009).

Given the disjointed organization of the Petition, and the interspersion of legal arguments in the exhibits, it is difficult to discern the grounds for relief Petitioner has raised in his Petition. Petitioner appears to seek equitable tolling on the basis that his former attorney's withholding of court transcripts constitutes "extraordinary circumstances." (Petition at 5.) Based on the arguments and information set forth in the Petition, the Court cannot presently conclude that Petitioner has demonstrated that he is entitled to equitable tolling. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (holding that habeas petitioners have the burden of proof to show equitable tolling).

In particular, the petition fails to establish that Petitioner has satisfied the first step of the three-part test to warrant equitable tolling -- that Petitioner diligently pursued his rights. The most recent document included in the Petition appears to be a Los Angeles County Superior Court order denying Petitioner's Motion to Correct the Record dated April 30, 2010. Even if we assume that Petitioner diligently pursued his rights up to that date (April 30, 2010) and that the other two prongs of the test are met, and therefore that Petitioner is entitled to equitably toll the limitations period up to that date, the Petition would still be untimely by over four (4) years. If Petitioner believes, in good faith, that he can in fact prove that he has diligently pursued his rights, he should clearly articulate the facts, and clearly identify any materials, that support his good faith assertion.

For the foregoing reasons, 28 U.S.C. § 2244(d)(1) appears to bar this action. Petitioner is therefore **ORDERED TO SHOW CAUSE,** within **fourteen (14) days** of the date of this Order, why this action should not be dismissed pursuant to the AEDPA one-year period of limitation.

**Instead of filing a response to the instant Order Petitioner may choose to voluntarily dismiss the action pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Petitioner's convenience. Petitioner is advised that dismissed claims may be later subject to the one-year statute of limitations under 28 U.S.C. § 2244(d)(1), and Petitioner is expressly warned that failure to file a timely response to this Order will result in a recommendation that this action be dismissed with prejudice for failure to comply with Court orders and failure to prosecute. See Fed. R. Civ. P. 41(b).**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 15-3166 CJC (RAO)      Date: May 21, 2015
Title:      Vincent Lynden Young v. William Muniz, Warden

       The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.

                                        : 
Initials of Preparer     gr